WILBUR J. SCHMIDT, Secretary, Department of Health and SocialServices
You request my opinion as to the effect of ch. 333, Laws of 1973, on county authority to provide for care and services, as opposed to money grants, to needy persons.
Basically, your opinion request raises three general legal questions of interest to counties. The first question is whether counties may expect reimbursement from the department for care and services after state and federal appropriations for such services have been expended. The answer to this question is "no."
As set forth in sec. 49.51 (3) (c), Stats., created by ch. 333, Laws of 1973, reimbursement for care and services are to be made from the appropriations under sec. 20.435 (4) (dh) and (p). The appropriations provide for a sum certain amount. When expended, the authority of the department to reimburse counties for such services is extinguished. The department cannot increase the appropriation set by the legislature. As set forth under Art.VIII, sec. 2, Wis. Const.: "No money shall be paid out of the treasury except in pursuance of an appropriation by law. . . ."
The next general question raised by your opinion request is whether counties may use their own funds to provide for care and services to the needy. This question must be answered in the affirmative. *Page 585 
There is ample authority for counties to expend their own funds for such services. We need go no further than secs. 49.51 (2) (a) 2 and 46.22 (5) (e), Stats., relating to functions, powers and duties in the administration of county welfare services in both populous counties and others, which provide for the furnishing of "services to families or persons other than the granting of financial or material aid where such services may prevent such families or persons from becoming public charges or restore them to a condition of self-support."
These statutes are not conditioned upon an appropriation. In this connection, it is to be noted that when the legislature confers authority upon a municipal body to contract a debt and makes no special provision for payment, power to levy the necessary tax to discharge the debt is implied. Oconto County v.Town of Townsend (1933), 210 Wis. 85, 244 N.W. 761. Further, the legislature may properly impose new duties involving financial obligations upon counties without providing any appropriation on the theory that the county is a political subdivision or agency of the state. Columbia County v. Board of Trustees of WisconsinRetirement Fund (1962), 17 Wis.2d 310, 116 N.W.2d 142. Relief legislation is intended for the benefit of those in need and the courts will construe such legislation so as not to enable anyone to escape valid and just obligations. Sutherland, Statutory Construction, 4th Ed., Vol. 3, sec. 71.08.
In view of the foregoing legal backdrop, I am persuaded that no court would countenance the argument that the authority of a county to assist persons in need is entirely conditioned upon state or federal reimbursement.
The third general question raised by your opinion request relates to the extent of care and services which must be provided by counties under ch. 333, Laws of 1973. Pursuant to sec. 49.51 (4), Stats., the department has identified certain services which have been mandated by the federal government. Section 49.51 (3) (c), Stats., provides in part:
 "County agencies shall submit to the department plans and contracts for care and services to be purchased. Such contracts shall be developed under s. 46.036. The department shall review such contracts and approve them if they are consistent *Page 586 
with s. 46.036 and if state or federal funds are available for such purposes. . . ." (Emphasis mine.)
It should be clear that the foregoing statutes are clearly conditioned upon an appropriation. They can have no effect when the appropriation has been exhausted. It follows that the program of mandatory care and services embraced by these statutes also ceases when appropriations have been expended. Accordingly, counties are not obliged to furnish care and services under secs. 49.51 (3) and 49.51 (4), Stats., after state and federal appropriations have been exhausted, but it should be added by way of a caveat that the federal government has not expressed itself on this point at the present time.
VAM:WLJ